UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE B. PARTAIN, ET AL, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-10-2580 |
| § | |
| MID-CONTINENT SPECIALTY § | |
| INSURANCE SERVICES, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is a portion of Defendant's Motion for Summary Judgment (Doc. No. 101). After considering the parties' supplemental briefing and the applicable law, the Court finds that the remaining portion of Defendant's Motion for Summary Judgment must be DENIED.

### I.   BACKGROUND

This is an insurance dispute arising out of a separate civil action brought against Plaintiffs Joe and Laura Partain (the "Plaintiffs") by Kipp Flores Architects LLC ("KFA"). On January 20, 2012, the Court issued a Memorandum and Order (the "Order") granting in part and denying in part a motion to dismiss filed by Defendant Mid-Continent Specialty Insurance Services, Inc. ("Mid-Continent"), and granting in part Mid-Continent's motion for summary judgment. (Doc. No. 126.) The relevant background and applicable legal standards are provided in that Order. In the Order, the Court resolved a number of claims; most importantly, for the purposes of this Memorandum and Order, the Court concluded that Plaintiffs did not have the right to

1

select their own counsel in the underlying lawsuit brought by KFA. The Court did not resolve Mid-Continent's claim that, beyond not having the right to their own counsel, Plaintiffs actually lost their right to defense and indemnity from Mid-Continent altogether. The parties had not sufficiently briefed that issue, so the Court requested supplemental briefing. After two extensions of time, the parties have filed their supplemental briefing. (Doc. Nos. 131, 132.) The Court now considers the arguments made therein.

## II. ANALYSIS

In the Court's previous Order, it concluded that, under Texas law, Plaintiffs had the right to Mid-Continent's defense in the Underlying Suit. (Doc. No. 126 at 26.) The question here is whether Plaintiffs' retention of independent counsel, to which the Court has now concluded they were not entitled, deprives them of that right. Mid-Continent offers three arguments as to why Plaintiffs are no longer entitled to defense and indemnity: (1) by refusing to accept Mid-Continent's counsel and allow that counsel to assume the defense, Plaintiffs repudiated the insurance contract and prevented Mid-Continent from performing under it; (2) by failing to cooperate with Mid-Continent, Plaintiffs breached a condition precedent to coverage; and (3) because Mid-Continent was prejudiced by Plaintiffs' acts, Plaintiffs have forfeited their rights under the insurance policies.

Plaintiffs respond first by challenging Mid-Continent's and this Court's interpretation of Texas law. In particular, Plaintiffs question the Court's reading of *N. County Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685 (Tex. 2004), a case on which the Court relied heavily in its previous Order. Plaintiffs point to cases in Texas and the Fifth

2

Circuit, predating *Davalos*, in which courts held that where the facts developed in an underlying lawsuit would include facts that could be used to exclude coverage, insureds are permitted to select their own counsel. *See Britt v. Cambridge Mut. Fire Ins. Co.*, 717 S.W.2d 476, 477-78 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.); *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116 (5th Cir. 1983). Plaintiffs urge that, because *Davalos* only contemplated a situation in which the carrier did not issue a reservation of rights, it did not "address, reverse or otherwise question the San Antonio appellate court in *Britt* or the Fifth Circuit in *Rhodes*." (Doc. No. 132 at 6.)

The Court directs Plaintiffs to the previous Order, which relies not only upon *Davalos*, but upon subsequent cases interpreting *Davalos*. For example, in 2008, the Texas Supreme Court clarified that reservation of rights letters do not "necessarily create a conflict between the insured and the insurer." *Unauthorized Practice of Law Comm. v. Am. Home Assur. Co.*, 261 S.W.3d 24, 40 (Tex. 2008). Rather, the court noted, a reservation of rights letter "only recognizes the possibility that such a conflict may arise in the future." *Id*. The Court also emphasized, in the previous Order, *Davalos'* instruction that a disqualifying conflict of interest exists where "the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends." *Davalos*, 140 S.W.3d at 689. The Court applied the legal definition of adjudicate ("to rule upon judicially") to conclude that Plaintiffs' position that a conflict arises any time the facts *developed* in the underlying lawsuit would raise facts that could be used to exclude coverage is incorrect; rather, it must be apparent that facts upon which coverage depends will be *ruled upon judicially* in the underlying lawsuit. The Court will avoid reiterating all of the reasons for its holding in the prior Order, but notes that, for the reasons expressed therein, it rejects

3

Plaintiffs' supplemental briefing to the extent the briefing reurges Plaintiffs' position that they were entitled to select their own counsel to defend them in the underlying suit.

### A. Repudiation

Mid-Continent contends that Plaintiffs repudiated the insurance contract. To constitute repudiation, a party to a contract must absolutely and unconditionally refuse to perform the contract without just excuse. *El Paso Prod. Co. v. Valence Operating Co.*, 112 S.W.3d 616, 621 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). When one party repudiates a contract, the non-repudiating party may treat the repudiation as a breach, or may ignore the repudiation and await the agreed upon time of performance. *Ingersoll-Rand Co. v. Valero Corp.*, 997 S.W.2d 203, 211 (Tex. 1999). Here, Mid-Continent contends that Plaintiffs' rejection of Mid-Continent's offers to defend and election to take control of the defense prevented Mid-Continent from performing, and thereby breached the contract.

Though Mid-Continent correctly notes that repudiation requires it to prove Plaintiffs' absolute and unconditional refusal to perform the contract without just excuse, it does not offer facts supporting such a theory. For example, as to the absence of a just excuse, the Court noted in the previous Order that Plaintiffs had a good faith basis for selecting independent counsel. Mid-Continent has failed to allege facts meeting the elements of repudiation, much less to prove that Plaintiffs acted without a just excuse. Its motion for summary judgment on repudiation must be denied.

### B. Failure to Comply with Conditions Precedent to Coverage

In the conclusion of its supplemental briefing, Mid-Continent asks the Court to grant it judgment that "the Partains have failed to comply with conditions precedent to

coverage, including a defense, under the policies, such that Mid-Continent has no duty to defend [them] in the [underlying lawsuit]." (Doc. No. 131 at 8.) The Court infers,[1] from Mid-Continent's briefing, that Mid-Continent's position is that Plaintiffs failed to comply with conditions precedent to coverage by choosing to control the defense without a sufficient conflict of interest. Mid-Continent relies upon the *Davalos* court's instruction that if an insured "reject[s] the insurer's defense without sufficient conflict, [it loses its] right to recover the costs of that defense." *Davalos*, 140 S.W.3d at 690. That portion of *Davalos* is inapplicable here. The Court reads this statement in *Davalos* to mean that, if an insured rejects an insurer's defense without sufficient conflict, it loses its right to recover the costs of *that* defense—the one that it elects to use in the underlying suit. Here, for example, if Plaintiffs elect to proceed in the underlying suit using their own counsel to defend them, they will be unable recover the costs of *that* defense, as the Court has concluded there was not a sufficient conflict of interest. *Davalos* did not hold that plaintiffs who reject an insurer's defense with a good faith basis for believing that a sufficient conflict exists lose their right to a defense altogether once it is found that no sufficient conflict exists. In light of this reading of *Davalos* and the absence of any discussion of conditions precedent to coverage in Mid-Continent's supplemental briefing, the Court concludes that Mid-Continent has not met its burden of proving that the Plaintiffs breached a condition precedent to coverage.

### C. Prejudice

Finally, Mid-Continent urges that it has been prejudiced by its inability to participate in the defense of the underlying suit for over two years. "In determining

---

[1] The Court can only infer that this is the argument supporting Mid-Continent's "breach of condition precedent" theory. Mid-Continent does not discuss conditions precedent to coverage outside of its request for judgment in the conclusion of its supplemental briefing.

5

whether an insurer has shown prejudice, courts consider factors such as: (1) the extent to which the nonbreaching party will be deprived of the benefit that it could have reasonably anticipated from full performance, (2) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived, (3) the likelihood that the party failing to perform will suffer forfeiture, (4) the likelihood that the non-performing party will cure his failure, and (5) the extent to which the behavior of the party failing to perform comports with standards of good faith and fair dealing." *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Resources*, 2004 WL 389090, at *9 (N.D. Tex. 2004) (citing *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693 (Tex. 1994)). Citing Texas law, the Fifth Circuit has instructed that "'[p]rejudice' is the loss of a valuable right or benefit," and that prejudice occurs when the insurer suffers a material adverse change in position due to the breach. *Trumble Steel Erectors, Inc. v. Moss*, 304 F. App'x 236, 239 (5th Cir. 2008) (citing *Hernandez*, 875 S.W.2d at 693; *Coastal Refining & Mktg., Inc. v. U.S. Fidelity and Guar. Co.*, 218 S.W.3d 279, 288, 296 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)). To demonstrate actual prejudice, the Fifth Circuit explains, the insurer must demonstrate "the precise manner in which its interests have suffered." *Clarendon Nat'l Ins. Co. v. FFE Transp. Servs., Inc.*, 176 F. App'x 559, 562 (5th Cir. 2006) (per curiam).

Without addressing the factors to be considered in determining prejudice, and without citing any case law, Mid-Continent urges that Plaintiffs' conduct constitutes prejudice as a matter of law. Mid-Continent points to the Court's conclusion in its previous Order that Plaintiffs have refused to provide information relating to the underlying lawsuit that Mid-Continent reasonably requested and required. Mid-Continent

urges that this conduct cost Mid-Continent its substantive right to defend the litigation, including selecting counsel, investigating, conducting discovery, and pursuing earlier or more favorable defense strategies or settlement negotiations. While these conclusory allegations raise equitable concerns, they are insufficient to demonstrate the precise manner in which Mid-Continent's interests have suffered, *Clarendon*, 176 F. App'x at 562, and therefore do not demonstrate prejudice as a matter of law.[2]

### D. Equitable Concerns

Both parties express important equitable considerations. After two years of being excluded from participating in the Plaintiffs' defense based on the Plaintiffs' assertion that a conflict of interest entitled them to select their own counsel, Mid-Continent is now being allowed back in based upon the Court's conclusion that no disqualifying conflict of interest exists. Mid-Continent apparently was not involved in investigating Plaintiffs' claims, conducting discovery, or developing early defense strategies in the underlying litigation. This, surely, places a burden on Mid-Continent.

On the other hand, Plaintiffs had a good faith belief that they were entitled to select their own counsel based upon a conflict of interest between Plaintiffs and Mid-Continent. Though the Court concluded that, under Texas law, no sufficient conflict exists, the case was a close one. At a hearing on January 12, 2012, the Court asked Mid-Continent about the possibility that a conflict of interest might arise between an insured

---

[2] If Mid-Continent could show that its inability to participate in the case caused it to lose a valuable settlement right, such a showing might be sufficient to demonstrate actual prejudice. *Clarendon* 176 F. App'x at 562. However, Mid-Continent has alleged only that it has lost its right to pursue "earlier or more favorable defense strategies or settlement negotiations." (Doc. No. 131 at 4.) Mid-Continent has not indicated *how* its inability to participate prejudices it, and therefore has not established the loss of a valuable settlement right. Thus, the case is distinguishable from a case like *Motiva Enters., LLC v. St. Paul Fire and Marine Ins. Co.*, 445 F.3d 381, 386-87 (5th Cir. 2006), where prejudice clearly resulted from the insurer not having the opportunity to participate or consent in an *ultimate settlement decision*. No final decisions have been made in the underlying KFA lawsuit, and Mid-Continent offers no specific evidence as to how it has been prejudiced by its inability to participate in the earlier stages of the litigation.

and an insurer in the middle of trial in an underlying lawsuit; indeed, the Court is concerned that such an outcome might be possible in this case. The Court asked Mid-Continent whether, in such a situation, insureds would *then* have a right to select their own counsel, mid-trial. Mid-Continent responded that they would.

In that situation, the insureds undoubtedly would be at a disadvantage. Their independent counsel would have to step into the lawsuit, midway through trial, and attempt to defend them. If Texas law contemplates such a situation, as Mid-Continent indicates, the Court thinks it unsurprising that it also contemplates the situation in this case: when KFA filed the underlying suit, Mid-Continent issued Plaintiffs a reservation of rights, reserving its rights as to a number of issues which are factually related to issues being litigated in the underlying suit. Plaintiffs, believing that these undeniable factual connections gave rise to a conflict of interest, selected their own counsel and asked Mid-Continent to pay their defense costs. While this Court ultimately concluded that, under a close reading of Texas law, no *disqualifying* conflict of interest exists between Plaintiffs and Mid-Continent (the Court noted that a *potential* conflict might exist, but that such a conflict is insufficient under Texas law to give rise to the insureds' right to select independent counsel), it recognized that Plaintiffs had a good faith basis for their position. To find that Plaintiffs' retention of independent counsel permanently deprives them of their right to a defense would have the chilling effect of punishing insureds who, with a good faith belief that a conflict of interest exists, select their own counsel to defend them. In the absence of evidence supporting Mid-Continent's claims of repudiation, failure to comply with conditions precedent to coverage, and prejudice, the Court cannot grant summary judgment allowing such an unsettling result.

### III.     CONCLUSION

For the reasons discussed above, the Court finds that the remaining portion of Defendant's Motion for Summary Judgment must be **DENIED.**

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this 15th day of February, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE